1   SCOTT N. SCHOOLS (SCSBN 9990)
    United States Attorney
2
    JOANN M. SWANSON (CSBN 88143)
3   Chief, Civil Division
    Assistant United States Attorney
4
    DENNIS M. WONG (CSBN 173951)
5   Special Assistant United States Attorney

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (925)803-4760
        FAX: (415) 436-6748
8       Email: dwong@bop.gov

9   Attorneys for Federal Respondent

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                       OAKLAND DIVISION

13
    VERONICA RIVERA,                )      No. 07-CV-02420-CW
14                                   )      E-FILING CASE
             Petitioner,            )
15                                   )      ANSWER AND OPPOSITION TO
         v.                          )      PETITION FOR WRIT OF HABEAS
16                                   )      CORPUS
    SCHELIA A. CLARK, Warden,        )
17                                   )
             Respondent.            )
18   _____)

19              **I. INTRODUCTION & SUMMARY OF ARGUMENT**

20          Through a petition for writ of habeas corpus ("Petition"), petitioner Veronica Rivera

21   ("Petitioner") seeks to invalidate 28 C.F.R. § 570.21(a), which limits placement of Bureau of

22   Prisons ("BOP") inmates to community confinement to 10% of the inmate's sentence, not to

23   exceed six months.[1]  Section 570.21(a) will be referred hereinafter as the "10% Regulation."   In

24   other words, Petitioner requests consideration for community confinement in a Residential

25
    _____
26          [1] 28 C.F.R. § 570.21(a) states: "[t]he Bureau will designate inmates to community
    confinement only as part of pre-release custody and programming, during the last ten percent of
27   the prison sentence being served, not to exceed six months."

28   Respondent's Answer & Opposition
     *Rivera v. Clark*, CV-07-02420-CW              1

Reentry Center[2] ("RRC") for more than 10% of her sentence, up to the maximum of six months.[3]

Respondent opposes this petition for writ of habeas corpus as Petitioner is not eligible for RRC placement as she is not within the last 10% of her sentence pursuant to 18 U.S.C. § 3624(c).  Moreover, the 10% Regulation is a reasonable interpretation of § 3624(c), should be afforded deference (*see Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984)), and does not conflict with § 3621(b).  Finally, this Petition is now arguably moot as the remaining issue concerns the substance of BOP's RRC recommendation, such that the Petitioner cannot be redressed by a favorable judicial outcome.

## II.  FACTS

### A.    Pertinent Background Information On Petitioner

On May 15, 2006, Petitioner was sentenced to 24 months of imprisonment for violation of 18 U.S.C. § 371, Conspiracy to Commit Honest Services Mail Fraud.  *See Exhibit 1* to Beakey Declaration, Judgment from *U.S. v. Veronica Rivera*.   Petitioner was eventually designated to the Federal Prison Camp ("FPC") at Dublin, California, on August 31, 2006, to serve her sentence, where she is currently incarcerated.  *See Exhibit 2* to Beakey Declaration, Public Information Inmate Data printout for Petitioner.  Petitioner's Pre-Release Preparation date, which equates to her 10% date, is March 25, 2008.  *Id.* at 2.  Petitioner's projected release date is May 26, 2008.  *Id.*

On September 23, 2007, FPC Dublin staff set goals for Petitioner to continue the Toastmasters program and to continue making Financial Responsibility Program payments until her next review on December 5, 2007.  *See Exhibit 3 to* Beakey Declaration, Program Review Report.   At that time, Petitioner's unit team at FPC Dublin determined that Petitioner has completed all requirements of the Release Preparation Program, and recommended a RRC

---

[2] RRCs were formerly called community corrections centers (CCC), and are more commonly known as halfway houses.  *See Declaration of Kim Beakey* ("Beakey Declaration") filed in support of this Answer.

[3] The date and point where an inmate reaches the last 10% of her sentence will be referred to as the "10% date."

placement date of March 25, 2008, the same as her 10% date. *Id.*

**B.      Petitioner's Administrative Remedies**

In May of 2007, Petitioner filed an administrative remedy request regarding the matter at issue in this lawsuit. *See Exhibit 1 to Declaration of Cecilia Burks* ("Burks Declaration") filed in support of this Answer. Specifically, Petitioner acknowledged the BOP's 10% Regulation via 18 U.S.C. § 3624(c), but still sought consideration for earlier placement into a RRC based upon her representation of how the five factors listed under 18 U.S.C. § 3621(b) applied to her. *Id.* For example, Petitioner indicated that based on her advanced educational degrees and past work experience, that she had a "good reputation in my community," and that "[u]pon release, I have outstanding lucrative job offers. . . ." *Id.* On June 4, 2007, Petitioner's request for administrative remedy was denied by the Warden, who referred to the BOP's procedures limiting placement to a RRC to the last 10% of the term to be served. *Id.*

On June 21, 2007, Petitioner appealed the Warden's decision to the BOP's Western Regional Office, clarifying that she sought six months placement in a RRC, and two months of home confinement. *Id.* On July 3, 2007, the Regional Director denied her appeal, citing BOP regulations that limited placement to a RRC to the last 10% of the sentence to be served . *Id.* The Regional Director also indicated the unit team performed a review of Petitioner's case without consideration of any time limitation, and decided that in any event, that " . . . based on [Petitioner's] ability to secure employment and reestablish family and community ties, a 60 day RRC placement was appropriate to assist with [her] prerelease needs." *Id.*

On August 8, 2007, Petitioner appealed the Western Regional Office's decision to the BOP's Central Office, challenging her unit team's assessment that a 60 day RRC placement would be appropriate. *Id.* Petitioner argued that because of her age and medical condition, that she anticipates employer discrimination which will require her more time to find employment. *Id.* On October 10, 2007, the Central Office denied her appeal, adding that "[o]rdinarily, inmates with shorter sentences do not require maximum RRC placement due to reduced transition needs.". *Id.* As Petitioner has filed administrative remedies at all three BOP levels, Petitioner has exhausted her available administrative remedies, and this matter may proceed before this

Respondent's Answer & Opposition
*Rivera v. Clark*, CV-07-02420-CW                    3

Court.[4]  *See* Burks Declaration at 3.

**C.    Background On Regulations and Policy Governing RRC Placements**

18 U.S.C. § 3621(b) governs decisions about where federal prisoners should be housed

when entrusted to the BOP:

> The Bureau may designate [prisoners to] any available penal or correctional
> facility that meets minimum standards of health and habitability.

Whether a facility is appropriate or suitable depends on five criteria.[5]  *Id.*  In similar
fashion, BOP policy at Program Statement 7310.04, *Community Corrections Center (CCC)
Utilization and Transfer Procedures*, governs that staff will make their recommendations for
RRC placements based on an:

> assessment[] of inmate needs for services, public safety, and the necessity of the
> Bureau to manage its inmate population responsibly. . . . [a] number of factors
> must be weighed to determine the length of CCC placement for inmates, including
> their individual needs and existing community resources.  Ordinarily, inmates
> with shorter sentences do not require maximum CCC placement due to reduced
> transition needs.

*See* Exhibit 4 to Beakey Declaration.

Section 3624(c) states that:

> The Bureau of Prisons shall to the extent practicable, assure that a prisoner
> serving a term of imprisonment spends a reasonable part, not to exceed six
> months, of the last 10 per centum of the term to be served under conditions that
> will afford the prisoner a reasonable opportunity to adjust to and prepare for the
> prisoner's re-entry into the community.

Before December 13, 2002, the BOP would sometimes exercise its discretion to allow

prisoners to serve all or part of the imprisonment part of their sentence in a RRC.  *Woodall v.*

*Federal Bureau of Prisons*, 432 F.3d 235, 240 (3d Cir. 2005).  After December 13, 2002, the

BOP changed its practice and largely limited RRC placements for prisoners to the final 10% of

their sentences or six months, whichever was shorter.  *Id.*  However, the First and Eighth Circuits

---

[4] The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be
brought with respect to prison conditions under section 1983 of this title, *or any other Federal
Law*, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted." (Emphasis added) 42 U.S.C. § 1997e(a).

[5] 1. resources of the facility; 2.nature and circumstances of the offense; 3. history and
characteristics of the prisoner; 4. statements by the sentencing court; 5. pertinent policy
statements issued by the Sentencing Commission.  *See* 18 U.S.C. § 3621(b)(1) - (5).

Respondent's Answer & Opposition
*Rivera v. Clark*, CV-07-02420-CW                4

1   held that the BOP policy change was unlawful because the plain language of §3621(b) gave the

2   BOP discretion to transfer an inmate to an RRC at any time.  *See Elwood v. Jeter*, 386 F.3d 842

3   (8th Cir. 2004); *Goldings v. Winn*, 383 F.3d 17 (1st Cir. 2004).

4           Thereafter, the BOP implemented new regulations as an exercise of their discretion under

5   § 3621(b).  Specifically, on August 18, 2004, the BOP proposed new regulations "announcing its

6   categorical exercise of discretion for designating inmates to community confinement when

7   serving terms of imprisonment."  69 Fed. Reg. 51, 213 (Aug. 18, 2004).  The 2005 regulations

8   limited RRC placement to the lesser of 10% of a prisoner's total sentence or six months, unless

9   special statutory circumstances apply.  *See* 28 C.F.R. §§ 570.20, 570.21.  The final rules were

10  published on January 10, 2005, and became effective on February 14, 2005.  *Id.*

**III.  PETITIONER  IS INELIGIBLE FOR RRC PLACEMENT UNDER THE 10%
REGULATION AS SHE IS NOT YET WITHIN THE LAST 10% OF HER SENTENCE**

11          Pursuant to 18 U.S.C. § 3624(c) and 28 C.F.R. § 570.21(a), Petitioner is serving a 24

12  month sentence, and is therefore ineligible for RRC placement until she is within the last 10% of

13  her sentence, which would not be until March 25, 2008.  *See Exhibit 2 at 2* to Beakey

14  Declaration.  As a result, Petitioner is currently not yet eligible for community confinement.  *Id.*

15  This is entirely consistent with Petitioner's conviction and sentence of 24 months of

16  imprisonment where the BOP has the discretion under 18 U.S.C. § 3621(b) to place an inmate

17  accordingly, which is in accordance with BOP RRC policy.  *See* Exhibit 4 to Beakey Declaration.

**IV. THE 10% REGULATION IS A VALID EXERCISE OF THE BOP'S RULE-MAKING
AUTHORITY AND IS ENTITLED TO *CHEVRON* DEFERENCE**

**A.       Standard For *Chevron* Deference**

18          An agency's interpretation of a statute it is entrusted to administer is entitled to deference.

19  *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984);

20  *accord Smiley v. Citibank*, 517 U.S. 735, 739 (1996).  Agencies are accorded deference under

21  *Chevron* because of a presumption that "Congress, when it left ambiguity in a statute meant for

22  implementation by an agency understood . . . the ambiguity would be resolved, first and foremost

23  by the agency."  517 U.S. 735, 741.  A second presumption underlying an agency's entitlement to

24  deference is that Congress "desired the agency (rather than the courts) to possess whatever degree

Respondent's Answer & Opposition
*Rivera v. Clark*, CV-07-02420-CW                    5

of discretion the ambiguity allows." *Id.*

In reviewing an agency's construction of a statute, courts apply the test set forth in *Chevron*. This test has two steps. A court must first determine whether Congress has directly spoken to the precise question at issue. *Id.* at 842. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 843. If the statutory language is silent or ambiguous, deference is then to be afforded the agency's interpretation if it is based on a "permissible" construction of the statute. *Id.*

It does not require that an agency's construction be the only possible interpretation, just that it be a reasonable one. *Chem. Mfrs. Ass'n v. Natural Resources Defense Council, Inc.*, 470 U.S. 116, 125 (1985). If this threshold is met, a court must defer to and enforce the agency's interpretation, even if it is not the one the court would have chosen. *Fernandez v. Brock*, 840 F.2d 622, 631 (9th Cir. 1988). An agency's revised interpretation of a statute is entitled to deference, even if it departs, as the BOP did here, from a prior reading. *Id.* at 863. Agency interpretation is not "instantly carved in stone" and in order to complete its responsibilities effectively, an agency must "engage in informed rulemaking, must consider varying interpretations and the wisdom of its policy on a continuing basis." *Id.* at 863-864.

**B.    The 10% Regulation Is Valid As It Represents The Most Reasonable Interpretation Of Sections 3621(b) And 3624(c) And Should Be Afforded *Chevron* Deference**

Section 570.21 of the BOP regulations interprets 18 U.S.C. §3624(c). That section states that the BOP "shall, to the extent practicable, assure that a prisoner spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." Since the BOP has determined that RRC placements are the vehicle for achieving this goal, this language states unambiguously that prisoners have no right to be considered for an RRC placement until they have finished 90% of their sentence. Seen from this point of view, the BOP's decision in the regulations to impose exactly this limitation is not only a reasonable interpretation of the statute, but the only reasonable  interpretation.

Respondent's Answer & Opposition
*Rivera v. Clark*, CV-07-02420-CW                    6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The difference between the two sections is highlighted by the fact that §3621(b) is discretionary ("the Bureau may designate") while §3624(c) is mandatory ("the Bureau shall assure . . . a reasonable time not to exceed six months, of the last 10 per centum"). Section 3624(c) specifically states that a prisoner should not spend more than the lesser of 10% of his sentence or six months in a facility where he can re-enter the community. This is precisely what RRCs are for. Allowing a discretionary provision like §3621 to override this mandatory duty runs contrary to the common sense of these two provisions.

The legislative history of §3621(b) also supports the construction that this section is limited to the question of which facilities are suitable and does not mandate that prisoners are to *always* be considered for placement in them. The Senate Report states that the "Committee, by listing factors for the [BOP] to consider in determining the appropriateness or suitability of any available facility, does not intend to restrict or limit the [BOP] in the exercise of its existing discretion so long as the facility meets the minimum standards of health and habitability of [BOP], but intends simply to set forth the appropriate factors that the [BOP] should consider in making the designations." S.Rep. No. 98-225, 98th Cong., 2d Sess. 142, reprinted in 1984 U.S. Code Cong. & Admin. News, 3182, 3325, quoted in *Cohen v. United States*, 151 F.3d 1338, 1343-1344 (11th Cir. 1998). The BOP stated in the notice of its proposed rulemaking that it "carefully considered all of the statutorily-specified factors" in deciding to limit inmates' confinement in RRC's to the last ten percent of their sentences. *See* Community Confinement, Proposed Rule, 69 Fed. Reg. at 51, 214 (August 18, 2004). The February 2005 rules also make it clear the BOP continues to consider §3621(b)'s non-exhaustive list of factors when making placement decisions. 70 Fed. Reg. at 1660. ("The Bureau will continue to evaluate these factors [§ 3621(b) factors] when making individual designations to appropriate facilities, and this rule will not adversely affect such individualized determinations"). Therefore, although the February 2005 rules limit the group of individuals whom the BOP will consider for RRC placement, the §3621(b) factors will be considered *when* that BOP chooses to consider them for RRC placement.

**C.**    **The 10% Regulation Is A Permissible Exercise of Agency Discretion To Categorically Limit The Class Of Inmates Eligible For RRC**

28 C.F.R. § 570.20 states that § 570.21 provides the BOP with the "categorical exercise of discretion for designating inmates to community confinement." Therefore, the 10% Regulation is categorical in that it limits the class of prisoners who are eligible for RRC placement based on the amount of time they have left to serve, and not on other factors individual to a particular prisoner. In other words, the BOP does not consider the §3621(b) factors until an inmate is close to the time when she is within 10% of completing her sentence. Only then does the BOP determine if a RRC facility is appropriate and available for her. *See* 28 C.F.R. §570.20-21. The BOP's ability to exercise its discretion in such a categorical manner is supported by the Supreme Court which held that an agency may categorically exercise the discretion Congress has granted it by statute. *See Lopez v. Davis*, 531 U.S. 230, 233-234 (2001). Just as *Lopez* affirmed the BOP's use of §3621(e)(2)(B) to exercise its broad discretion to determine which individuals are candidates for early release, so too §3621(b) gives the BOP broad discretion in deciding where to designate inmates. In short, the BOP's decision to restrict RRC placements to prisoners serving the last 10% of their sentences is a categorical expression of the BOP's discretion that does not differ fundamentally from the BOP's exercise of the same discretion under §3621(e)(2)(B).

**D.**    **As RRCs Are Not A Place Of Imprisonment, 18 U.S.C. § 3621(b) Does Not Apply To RRCs And Cannot Invalidate The BOP's 10% Regulation**

Although there are a number of courts that have used 18 U.S.C. § 3621(b) to invalidate the BOP's 10% regulation, a recent Ninth Circuit decision strongly indicates those decisions were erroneous.[6] In *United States v. Sullivan*, 2007 WL 2811079, at *2 (9th Cir. 2007), the

---

[6] Although they are not binding on courts in this Circuit, some other circuits have found the BOP regulations invalid in light of the language of §3621(b). *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). Respondent believes that these opinions address the wrong issue since they focus on § 3621 and ignore § 3624. Section 3624 addresses the issue of when a defendant can be placed in an RRC. Section 3621 lists the factors that determine where the BOP should place an inmate for imprisonment. The factors listed in §3621(b) come into play only when something triggers a

Respondent's Answer & Opposition
*Rivera v. Clark*, CV-07-02420-CW                    8

Court of Appeals recently agreed with the Department of Justice's Office of Legal Counsel's interpretation that community confinement did not equate to "imprisonment." They reasoned that "[f]ederal law, in various contexts, classifies detention in facilities like a Pre-Release Center as different from imprisonment." *Id.* Citing *United States v. Latimer,* 991, F.2d 1509 (9th Cir. 1993), the *Sullivan* Court explained "that based on the plain language and structure of the United States Sentencing Guidelines, community confinement is not incarceration or imprisonment." *Id.* Therefore, as 18 U.S.C. § 3621(b) governs the designation of "the place of the prisoner's *imprisonment,*" (emphasis added) § 3621(b) is arguably inapplicable to Petitioner's RRC placement. Consequently, *Sullivan* strongly suggests that § 3621(b)'s five listed criteria cannot be used to invalidate Bureau of Prisons ("BOP") regulations governing RRC placements.[7]

## V.   PETITIONER'S REQUEST FOR CONSIDERATION OF RRC PLACEMENT FOR MORE THAN 10% OF HER SENTENCE IS MOOT

To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). *See also North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

Based on the Regional Director's response to Petitioner's appeal, dated July 3, 2007, it appears that this case is moot as the BOP has considered her for RRC placement "without consideration of any time limitation . . . and determined that based on [her] ability to secure employment and reestablish family and community ties, [that] a 60 day RRC placement was appropriate to assist with [her] prerelease needs." *See* Exhibit 1 to Burks Declaration. Such an

---

placement decision and a suitable facility must be found. Section 3621(b) says nothing about *when* a prisoner's placement should be considered. Section 3624(c) on the other hand expressly limits the BOP's ability to place a prisoner in pre-release status to the last 10% of his sentence.

[7] Respondent notes that this issue is currently on appeal before the Ninth Circuit *(Jose Rodriguez v. Smith*, Case No. 07-16014), before the First Circuit (*Muniz and Gonzalez v. Winn*, Case Nos. 06-2692/2693), and before the Sixth Circuit (*Marshek v. Eichenlaub*, Case No. 07-1246).

assessment based on Petitioner's specific background was consistent with BOP policy which lists

factors such as "individual needs and existing community resources" (*see* Exhibit 4 to Beakey

Declaration) and in accordance with Petitioner's own representations in her appeal to the

Warden.  See Exhibit 1 to Burks Declaration at appeal dated May 2, 2007 ("Upon my release, I

have outstanding lucrative job offers . . . .").  Although Petitioner challenged the BOP's

recommendation of 60 days of RRC time, asserting that her age and health requires more time to

find a job (*see* Exhibit 1 to Burks Declaration at appeal dated August 1, 2007), the Central Office

response reiterated BOP RRC policy that "inmates with shorter sentences do not require

maximum RRC placement due to reduced transition needs." *See id.* at BOP Central Office

response dated October 10, 2007.  Accordingly, this matter should be dismissed as moot as

Petitioner's only remaining argument concerns the substance of BOP's RRC recommendation,

and this Court cannot provide any relief that may be redressed by a favorable judicial outcome.

## V.  CONCLUSION

Based on the foregoing, Respondent opposes this petition for writ of habeas corpus and

requests an order denying this petition as Petitioner is currently ineligible for RRC placement

under the 10% Regulation, and as the 10% Regulation is valid as it is a reasonable interpretation

of § 3624(c), and therefore, entitled to *Chevron* deference.  Moreover, the 10% Regulation is a

proper categorical exercise of agency discretion and does not conflict with § 3621(b) as §

3621(b) pertains to designating places of imprisonment, which does not include RRCs.  Finally,

this matter is arguably moot as Petitioner's only remaining argument challenges the merit of

BOP's RRC recommendation.


Dated: November 27, 2007                              Respectfully submitted,

                                                     SCOTT N. SCHOOLS
                                                     United States Attorney


                                         By:    _____/s/_____
                                                Dennis M. Wong
                                                Special Assistant U.S. Attorney


Respondent's Answer & Opposition
*Rivera v. Clark*, CV-07-02420-CW                 10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the U.S. Department of

Justice, and is a person of such age and discretion to be competent to serve papers.  The

undersigned further certifies that she is causing a copy of the following:

**ANSWER AND OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

**AND DECLARATIONS OF KIM BEAKEY AND CECILIA BURKS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed

envelope, and served as follows:

__X__        **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully
            prepaid in the designated area for outgoing U.S. mail in accordance with this office's
            practice.

_____        **PERSONAL SERVICE (BY MESSENGER)**

_____        **FACSIMILE (FAX)**  Telephone No.:

to the parties addressed as follows:

Veronica Rivera, Reg. No. 97659-011 (*pro se*)
FPC Dublin
Federal Prison Camp
5675 8th Street - Camp Parks
Dublin, CA 94568

        I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

        Executed this _27_ day of November, 2007, at Dublin, California.

                                        _____
                                        Maria Syed, Paralegal

Respondent's Answer & Opposition
*Rivera v. Clark*, CV-07-02420-CW