1   SCOTT N. SCHOOLS (SCSBN 9990)
    United States Attorney

2
    JOANN M. SWANSON (CSBN 88143)
3   Chief, Civil Division
    Assistant United States Attorney

4
    DENNIS M. WONG (CSBN 173951)
5   Special Assistant United States Attorney

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (925)803-4760
       FAX: (415) 436-6748
8      Email: dwong@bop.gov

9   Attorneys for Federal Respondent

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13
    VERONICA RIVERA,                    )    No. 4:07-CV-02420-CW
14                                       )    E-FILING CASE
            Petitioner,                  )
15                                       )    DECLARATION OF KIM BEAKEY
        v.                               )
16                                       )
    SCHELIA A. CLARK, Warden,            )
17                                       )
            Respondent.                  )
18   _____)

19

20

21

22

23

24

25

26

27

28
    Declaration of Kim Beakey
    *Rivera v. Clark*, 4:07-CV-02420-CW          1

I, Kim Beakey, do declare and state the following:

1. Prior to March of 2006, I was the Regional Designator for the Western Region, employed by the Federal Bureau of Prisons ("BOP"), United States Department of Justice. My duties as the Regional Designator included evaluating individuals who were federally sentenced in the Western Region for initial designation to an appropriate BOP facility. I also evaluated inmates in the Western Region for redesignation (transfer) to other BOP facilities. The Western Region includes the states of California, Alaska, Arizona, Nevada, Utah, Oregon, Idaho, Montana, Washington, Hawaii and Wyoming. I held that position since June of 2004.

2. After March of 2006, some of my duties and responsibilities changed, and I am now a Correctional Programs Specialist. Specifically, most of my designation responsibilities transferred to the Designation and Sentence Computation Center ("DSCC"), located in Grand Prairie, Texas. The DSCC is a new BOP operation established to centralize certain functions that used to be done at regional offices and institutions. As a Correctional Programs Specialist, my duties include overseeing the inmate population in the Western Region. I also provide guidance on placements to Residential Reentry Centers ("RRC"). RRCs were formerly referred to as community corrections centers, which are more commonly known as halfway houses.

3. I am familiar with records compiled by the BOP and have access to them, and I provide copies to requesting Department of Justice employees in the ordinary course of business. In this case, I have obtained a copy of inmate Veronica Rivera's (Register No. 97659-011) Judgment from her criminal case, Case No. CR-05-00454-02 (CW), Northern District of California, a true and correct copy of which is attached as Exhibit 1.

4. I have also obtained a copy of inmate Rivera's Public Information Inmate Data printout, which is generated from the BOP inmate database called SENTRY, a true and correct copy of which is attached as Exhibit 2. Exhibit 2 lists various information about a specific inmate that is considered by the BOP to be releasable to the general public. For example, from Exhibit 2, I can ascertain that inmate Rivera was eventually designated and sent to the Federal Prison Camp ("FPC") at Dublin, California, on August 31, 2006, that her pre-release preparation

date, which equates to the point where she is serving the last 10% of her sentence, is March 25, 2008, and that her projected release date is May 26, 2008.

5. I have obtained a copy of inmate Rivera's Program Review Report which is a document completed by an inmate's unit team, to reflect programming recommendations for that inmate while they are incarcerated, a true and correct copy of which is attached as Exhibit 3. Exhibit 3 reflects that on September 23, 2007, inmate Rivera's unit team recommended that inmate Rivera continue participatuion the Toastmasters program and that she continue making Financial Responsibility Program payments through her next review on December 5, 2007. According to Exhibit 3, the unit team also recommended that inmate Rivera be placed in a RRC on March 25, 2008.

6. Moving an inmate to a RRC is no different than transferring an inmate from one BOP location to another. The BOP exercises its judgement to place inmates accordingly during the service of their sentence, and such placements may include transfers to a RRC. Such transfers to a RRC are controlled by various BOP policies and federal regulations, such as Program Statement (P.S.) 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures* (available at www.bop.gov), and 28 C.F.R. § 570.21. A true and correct copy of pages 7-8 of P.S. 7310.04, which list out the criteria for recommending the length of RRC placement, is attached hereto as Exhibit 4. BOP decisions about an inmate's RRC placement have no affect on the length of their sentence.

I declare under the penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my information, knowledge and belief. Executed this 26 day of November, 2007, at Dublin, California.

Kim Beakey
Correctional Programs Specialist

# Exhibit 1

Judgment for *U.S. v. Veronica Rivera*, CR-05-454-02-CW (N.D. Cal.)

*Cook*
*28633*

AO 245B (Rev. 5/05 - Judgment in a Criminal Case

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | |
| VERONICA RIVERA | Case Number: CR-05-00454-02 CW |
| | USM Number: 97659-011 |
| | Lynn M. Kesler and Paul Delano Wolf |
| | Defendant's Attorney |

**THE DEFENDANT:**

[x]  pleaded guilty to count one of the indictment .
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Honest Services Mail Fraud | 06/23/2005 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  Counts two through twelve of the indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

May 15, 2006
Date of Imposition of Judgment

*Claudia Wilken*
Signature of Judicial Officer

Honorable Claudia Wilken, U. S. District Judge
Name & Title of Judicial Officer

May 31, 2006
Date

*C Col 1.44*

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | VERONICA RIVERA | Judgment - Page 2 of 7 |
| CASE NUMBER: | CR-05-00454-02 CW | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>twenty-four (24) months</u> .

[x]     The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be designated to the correctional institution in Dublin, CA, or to a facility as close as possible to the San Francisco/Oakland Bay Area.

[ ]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ [] am [] pm on ___.
    [ ] as notified by the United States Marshal.

[x]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [x] before 2:00 p.m. on <u>August 31, 2006</u> . If there has been no designation made prior to the surrender date, then the defendant is to report to the U.S. Marshal's Office, 1301 Clay Street, Room 150C, Oakland, CA, by 2:00 p.m. on the surrender date.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

                               _____
                                     UNITED STATES MARSHAL

                            By   _____
                                     Deputy United States Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | VERONICA RIVERA | Judgment - Page 3 of 7 |
| CASE NUMBER: | CR-05-00454-02-CW | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[x]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)  The defendant shall not leave the judicial district without permission of the court or probation officer;
2)  the defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case-Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | VERONICA RIVERA | Judgment - Page 4 of 7 |
| CASE NUMBER: | CR-05-00454-02 CW | |

### SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall pay any fine and special assessment that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release, as directed by the probation officer

2) The defendant shall provide the probation officer access to any requested financial information, including tax returns, and shall authorize the probation office to conduct credit checks and obtain copies of income tax returns.

3) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

4) The defendant shall submit her person, residence, office, vehicle, or any property under her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

5) The defendant shall not possess any false identification and shall provide his or her true identity at all times.

6) The defendant shall not have contact with any co-defendant, in this case namely, Frances E. Aliganga.

7) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

8) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT:          VERONICA RIVERA | Judgment - Page 5 of 7 |
| CASE NUMBER:    CR-05-00454-02 CW | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ 5,000 | $ |

[ ] The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| Totals: | $ _ | $ _ | |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ] the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:       VERONICA RIVERA                                    Judgment - Page 6  of  7
CASE NUMBER:     CR-05-00454-02 CW

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [x]  Lump sum payment of $100 due immediately, balance due

    []   not later than ......., or

    [ x ]  in accordance with ( ) C, ( ) D, ( ) E or ( x ) F below; or

B   []   Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C   []   Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   []   Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   []   Payment during the term of supervised release will commence within (e.g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [x]  Special instructions regarding the payment of criminal monetary penalties:
    If the defendant is unable to pay the special assessment and fine immediately, it shall be paid through the defendant's participation in the Bureau of Prisons' Inmate Financial Responsibility Program. While incarcerated, payment of criminal monetary penalties shall be at the rate of $25 per quarter. Upon release from custody, payment of criminal monetary penalties shall be in monthly installments of $100 as directed by the U.S. Probation Officer unless modified by the U.S. Probation Officer. Payment of the fine may be converted to volunteer work at the rate of $7.00 per hour as approved by the U.S. Probation Officer.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    []  Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| | | | | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:       VERONICA RIVERA                                          Judgment - Page 7 of 7
CASE NUMBER:     CR-05-00454-02 CW

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# Exhibit 2

Public Information Inmate Data printout for Veronica Rivera, Reg. No. 97659-011

Case 4:07-cv-02420-CW   Document 172   Filed 11/27/2007   Page 13 of 26

```
REGNO..: 97659-011 NAME: RIVERA, VERONICA
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 925-833-7500      FAX: 925-833-7599
                                          RACE/SEX...: ASIAN/PAC.ISL. / FEMAL
FBI NUMBER.: 435323JC6                    DOB/AGE...: 08-10-1951 / 56
PROJ REL MT: GOOD CONDUCT TIME RELEASE    PAR ELIG DT: N/A
PROJ REL DT: 05-26-2008                   PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY -------------------------
FCL    ASSIGNMENT  DESCRIPTION                START DATE/TIME STOP  DATE/TIME
DUB    A-DES       DESIGNATED, AT ASSIGNED FACIL 09-17-2007 1154 CURRENT
DUB    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN  09-11-2007 1647 09-17-2007 1154
DUB    A-DES       DESIGNATED, AT ASSIGNED FACIL 07-23-2007 1957 09-11-2007 1647
DUB    FURL TIES   FURLOUGH-FAMILY TIES          07-23-2007 0800 07-23-2007 1957
DUB    A-DES       DESIGNATED, AT ASSIGNED FACIL 08-31-2006 1400 07-23-2007 0800
9-L    RELEASE     RELEASED FROM IN-TRANSIT FACL 08-31-2006 1700 08-31-2006 1700
9-L    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 08-08-2006 1102 08-31-2006 1700
DSC    ADMIN REL   ADMINISTRATIVE RELEASE        08-08-2006 1002 08-08-2006 1002

G0002      MORE PAGES TO FOLLOW . . .
```

Case 4:07-cv-02420-CW   Document 142   Filed 11/27/2007   Page 14 of 26

```
REGNO..: 97659-011 NAME: RIVERA, VERONICA
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 925-833-7500    FAX: 925-833-7599
DSC   A-ADMIN    ADMINISTRATIVE ADMISSION        08-08-2006 0943 08-08-2006 1002
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

Case 4:07-cv-02420-CW    Document 42    Filed 11/27/2007    Page 15 of 26

```
REGNO..: 97659-011 NAME: RIVERA, VERONICA
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 925-833-7500    FAX: 925-833-7599
PRE-RELEASE PREPARATION DATE: 03-25-2008


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-26-2008 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-05-00454-02CW
JUDGE..........................: WILKEN
DATE SENTENCED/PROBATION IMPOSED: 05-15-2006
DATE COMMITTED.................: 08-31-2006
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

G0002       MORE PAGES TO FOLLOW . . .
```

```
REGNO..: 97659-011 NAME: RIVERA, VERONICA
COMP NO: 010          ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 925-833-7500    FAX: 925-833-7599


                     FELONY ASSESS  MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:      $100.00        $00.00           $5,000.00    $00.00


RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO         AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  153
OFF/CHG: 18:371 CONSPIRACY TO COMMIT HONEST SERVICES MAIL FRAUD

   SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:   24 MONTHS
   TERM OF SUPERVISION............:    3 YEARS


   G0002       MORE PAGES TO FOLLOW . . .
```

Case 4:07-cv-02420-CW   Document 14-2   Filed 11/27/2007   Page 17 of 26
PUBLIC INFORMATION

REGNO..: 97659-011 NAME: RIVERA, VERONICA
COMP NO: 010      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 925-833-7500    FAX: 925-833-7599
 DATE OF OFFENSE................: 06-23-2005

------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-01-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-20-2007 BY.DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN...........: 08-31-2006
TOTAL TERM IN EFFECT............:   24 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS
EARLIEST DATE OF OFFENSE........: 06-23-2005

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 97659-011 NAME: RIVERA, VERONICA
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 925-833-7500   FAX: 925-833-7599

JAIL CREDIT....................:    FROM DATE      THRU DATE
                                    06-23-2005     06-24-2005

TOTAL PRIOR CREDIT TIME.........: 2
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 94
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 05-26-2008
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-28-2008


PROJECTED SATISFACTION DATE.....: 05-26-2008

G0002       MORE PAGES TO FOLLOW . . .

Case 4:07-cv-02420-CW   Document 142   Filed 11/27/2007   Page 19 of 26

```
REGNO..: 97659-011 NAME: RIVERA, VERONICA
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DUB / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 925-833-7500   FAX: 925-833-7599
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Exhibit 3

Program Review Report dated September 23, 2007
for Veronica Rivera, Reg. No. 97659-011

```
  DUBDO          *        PROGRAM REVIEW REPORT          *      09-23-2007
PAGE 001                                                        07:19:11
```

INSTITUTION: DUB  DUBLIN FCI

NAME.......: RIVERA, VERONICA                    REG. NO: 97659-011
RESIDENCE..: DAILY CITY, CA 94014

TYPE OF REVIEW......: INITIAL CLASSIFICATION (PROGRAM REVIEW)
NEXT REVIEW DATE....: _12/12/07_

PROJ. RELEASE DATE..: 05-26-2008         RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE               HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: _6/27/08_   DETAINERS (Y/N): N

CIM STATUS (Y/N)....: N        IF YES, RECONCILED (Y/N): _N/A_

PENDING CHARGES.....: _none noted_

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/(N))....: _No_
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

```
CATEGORY    - - - - - - - -    CURRENT ASSIGNMENT - - - - - - -    EFF DATE    TIME

CMA     PROG RPT      NEXT PROGRESS REPORT DUE DATE        05-26-2008    1727
CMA     RPP COMPLT    RELEASE PREP PGM COMPLETE            07-01-2007    1623
CMA     RPP UNT C     RELEASE PREP UNIT PGM COMPLETE       09-13-2006    1728
CMA     V94 COA913    V94 CURR OTHER ON/AFTER 91394        09-13-2006    1728
CUS     COM           COMMUNITY CUSTODY                    06-27-2007    0653
DRG     DRG I NONE    NO DRUG INTERVIEW REQUIRED           09-13-2006    1735
EDI     ESL HAS       ENGLISH PROFICIENT                   09-14-2006    1500
EDI     GED HAS       COMPLETED GED OR HS DIPLOMA          04-04-2007    0730
FRP     PART          FINANC RESP-PARTICIPATES             09-13-2006    1736
LEV     MINIMUM       SECURITY CLASSIFICAT'N MINIMUM       08-08-2006    0956
MDS     REG DUTY      NO MEDICAL RESTR--REGULAR DUTY       09-08-2006    1147
MDS     YES F/S       CLEARED FOR FOOD SERVICE             09-08-2006    1147
QTR     S01-032L      HOUSE S/RANGE 01/BED 032L            09-17-2007    1154
RLG     CATHOLIC      CATHOLIC                             09-13-2006    1728
WRK     C-C1 ORD      CAMP ORDERLY FOR C1                  09-17-2007    1154
```

WORK PERFORMANCE RATING: _Good work reveries of sanitation_
_reports_

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _Clear conduct maintained_

_____

FRP PLAN/PROGRESS:  TRUST FUND DEPOSITS PAST 6 MO: $ _1811.00_

FRP PAYMENTS PAST 6 MO: $ _300.00_      OBLG BALANCE: $ _4600.00 Fine_

CURRENT FRP PLAN: $ _50/mnthly_ PAYMENTS COMMENSURATE: YES ____ / NO ____

                          _11/07_

        _1 811.00_
     _- 450.00 Phone_ ✓

        _1361.00_
     _- 300.00 Payments (FRP)_ ✓
        _____
        _1061.00 ÷ 6 = 176.00_
                     _- 75_
        _75.00 a month/101.00_

```
DUBDO          *        PROGRAM REVIEW REPORT          *        09-23-2007
PAGE 002                                                        07:19:11
```

IF NO, NEW PAYMENT PLAN: _____

_____

_____

RELEASE PREPARATION PARTICIPATION: _RPP Complete_____

all (6) elements completed & reflected on
transcript

CCC RECOMMENDATION: 3/25/08 - requested RRC date -
pendy approval.

PROGRESS MADE SINCE LAST REVIEW: Toastmaster part;
completed LP8 Untrel/SSN - 7/1/07
Women's wellness - completed 3/12/07

GOALS FOR NEXT PROGRAM REVIEW MEETING: _____
Continue Toastmasters thru release to RRC
9/23/07 to 12/5/07.

Continue making FRP payments as agreed 75.00
9/23/07 to 12/5/07

LONG TERM GOALS: _____
Successfully complete RRC placement without
incident 3/25/08 to 5/26/2008

Continue to reduce financial obligation
to courts 3/25/08 to 5/26/08

```
   DUBDO        *        PROGRAM REVIEW REPORT        *      09-23-2007
PAGE 003 OF 003                                              07:19:11
```

OTHER INMATE REQUESTS/TEAM ACTIONS: _____

Discussed medical concerns / Health _____

Team delayed by one week — ms. Rivera
was in the hospital and recuperating after
her return.

4074408 reviewed
for accuracy at team

SIGNATURES:

CHAIRPERSON: _____    INMATE: _____

DATE: _____9/23/07_____    DATE: _____9/23/07_____

# Exhibit 4

**P.S. 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedures</u>**
**Pages 7-8**

(5)  Intensive Confinement Center (ICC).  A lengthy period of Community Corrections Center confinement follows the completion of the ICC program's institutional phase.  The CCC time is divided among the restrictive Community Corrections Component, the Prerelease Component, and Home Confinement. Specific referral procedures are outlined in the ICC Program Statement.

8.  RELEASE PLAN.  Staff shall begin release planning at an inmate's first team meeting, normally the initial classification, and shall continue throughout the inmate's confinement.  The following guidelines apply:

a.  Planning early in an inmate's period of confinement is necessary to ensure release preparation needs are identified and appropriate release preparation programs are recommended.

b.  Preliminary decisions regarding eligibility for CC Programs are to be made well in advance of the last year of confinement.

c.  A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date.

9.  CCC CRITERIA AND REFERRAL GUIDELINES

a.  Regular Referrals.  Staff shall make recommendations for CCC placements based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly.  CCCs are a program element and are not to be used as a reward for good institutional behavior, although an inmate's institutional adjustment may be a factor in making a referral determination.

A number of factors must be weighed to determine the length of CCC placement for inmates, including their individual needs and existing community resources.  Ordinarily, inmates with shorter sentences do not require maximum CCC placement due to reduced transition needs.  Additionally, inmates who are required to spend a portion of time in a CCC as a condition of release (i.e. supervised release or court order) do not require an extended Bureau CCC placement.  For example, if the Unit Team determines the inmate needs a six month CCC placement, but the inmate is required to stay in a CCC for 90 days as a condition of release, then the institution shall ordinarily refer the inmate for a 60-90 day CCC placement.

PS 7310.04
12/16/98
Page 8

**Referrals to CCM offices should include a recommendation regarding the length of stay (range), such as recommending 60 to 90 days or 90 to 120 days, etc.  This range of at least 30 days allows the CCM to match population needs with budgetary and CCC bed space resources, a process which requires this flexibility.**

However, there will be cases when the institution, for various management reasons, wants the CCM to place the inmate not earlier than a specific date.  Then, the CCC referral form should specify a recommended placement date rather than a range and further state that the CCM should not adjust that date.  The CCM shall adhere to the recommended date, with any adjustment only being downward if budget and/or bed space constraints are a factor.

The following CCC referral guidelines apply:

    (1)  An inmate may be referred up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification.  In such circumstances, the Warden shall contact the Regional Director for approval and the Chief USPO in the inmate's sentencing district to determine whether the sentencing judge objects to such placement.

    (2)  The ultimate goal is to maximize each eligible inmate's chances for successful release and a law-abiding life.

    (3)  When an inmate has a history of escape or failure in one or more CC Programs, careful review and consideration should be given regarding the suitability of participation and the length of placement.

    (4)  Inmates with minor medical conditions or disabilities may also be considered for community placement.  Inmates are required to assume financial responsibility for their health care while assigned to community programs.  Such inmates must provide sufficient evidence to institution staff of their ability to pay for health care while at a CCC prior to the referral being made.  When an inmate is unable or unwilling to bear the cost of necessary health care, the inmate shall be denied placement.

    (5)  Inmates who have been approved for CCC referral and are otherwise appropriate for camp placement shall be transferred to a camp for intermediate placement.  The inmate should have completed the Institution Release Preparation Program at the parent institution.  The parent institution shall complete the CCC referral packet and the camp should be closer to the inmate's release residence.  This process should be completed to allow the