1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney

2  JOANN M. SWANSON (CSBN 88143)

3  Chief, Civil Division
   Assistant United States Attorney

4  DENNIS M. WONG (CSBN 173951)

5  Special Assistant United States Attorney

6  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495

7  Telephone: (925)803-4760
   FAX: (415) 436-6748

8  Email: dwong@bop.gov

9  Attorneys for Federal Respondent

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13
   VERONICA RIVERA,                    )    No. 07-CV-02420-CW
14                                      )    E-FILING CASE
          Petitioner,                   )
15                                      )    DECLARATION OF CECILIA BURKS
      v.                                )
16                                      )
   SCHELIA A. CLARK, Warden,            )
17                                      )
          Respondent.                   )
18  _____ )

19

20

21

22

23

24

25

26

27

28
   Declaration of Cecilia Burks
   *Rivera v. Clark,* 07-CV-02420-CW              1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Cecilia Burks, do declare and state the following:

1.      I am the Correctional Programs Secretary and Administrative Remedy Clerk employed by the Federal Bureau of Prisons ("BOP"), in the Correctional Programs Department. I have held the Correctional Program Secretary position since November of 2001, and Administrative Remedy Clerk position since April 2006. As part of my duties, I am familiar with the records compiled by the BOP and have access thereto. I am trained and have access to various BOP databases, including those dealing with administrative remedies.

2.      The Administrative Remedy Program is a system by which inmates can complain about almost any aspect of their confinement. Procedural guidelines are spelled out in BOP policy, Program Statement 1330.13, Administrative Remedy Program, which is available at www.bop.gov and in all BOP inmate law libraries. The procedure requires that the inmate first present his complaint to the institution staff (BP-9's). The Warden of that institution then responds to the BP-9. If dissatisfied with the response at that level, the inmate may appeal his complaint to the Regional Director (BP-10's). The Regional Director then responds to the inmate's BP-10. If dissatisfied with the Regional Director's response, the inmate may finally appeal to the General Counsel's Office in the Central Office of the BOP (BP-11's). The National Inmate Appeals Administrator responds to the inmate's BP-11. An inmate has not exhausted his administrative remedies until he has filed his complaint at all three levels and has been denied at all three levels. *See* 28 C.F.R. § 542.10 *et seq.*

3.      I have personally reviewed the Administrative Remedy logs ("logs") maintained on the SENTRY Computer system. This is a national database which includes all administrative grievance filings made by inmates incarcerated in BOP facilities.

4.      My review of the logs shows that during her incarceration with the BOP, inmate Veronica Rivera, Register No. 97659-011, has properly filed administrative remedies at all three BOP levels (BP-9, BP-10 & BP-11) requesting earlier placement into a Residential Reentry Center than what BOP regulations currently allow, and has received agency responses to all three

Declaration of Cecilia Burks
*Rivera v. Clark,* 07-CV-02420-CW                    2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

filings.  True and correct copies of the inmate Rivera's three filings and the three responses are attached hereto as Exhibit 1, organized in chronological order.  Based on Exhibit 1, inmate Rivera has exhausted her BOP administrative remedies on that particular issue.

I declare under the penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 27 day of November, 2007, at Dublin, California.

Cecilia Burks
Administrative Remedy Clerk

Declaration of Cecilia Burks
*Rivera v. Clark,* 07-CV-02420-CW                    3

# Exhibit 1

Administrative Remedies (BP-9, BP-10, & BP-11) No. 452322
Filed by Veronica Rivera, Reg. No. 97659-011

**U.S. DEPARTMENT OF JUSTICE**      **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | RIVERA, VERONICA L. | 97659-011 | C-1 | FPC - DUBLIN |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** – I am certain that many prisoners resorted to their rights under 18 U.S.C. §3624 (c). It is not my intention to be in contrary to the BOP Statute, however I am appealing for the humane spirit of the Warden and the Regional Director. I am seeking your utmost consideration for placement in San Francisco CCC for the next six (6) months and spend the remaining four (4) months in Home Confinement. This should complete my sentence after seeking this Administrative Remedy.. From published articles, I believe BOP has the authority to administer this decision on a case to case basis and depending on each individual. I am truly encouraged to take this privelege since this is my first offense. I am cognizant of the Five (5) Criteria required by 18 U.S.C. §3621(b) and to address these criteria, I hereby declare the following:

1.  The Resources of the Facility Contemplated -  I am not currently abreast of the status and availability of the San Francisco CCC, except for the information I gathered from consulting the S.F. CCC Administrator who was a guest from the recent Job Fair In Dublin Camp.  For proximity reason, I have chosen this facility primarily notwithstanding the availability of the neighboring facilities such as Oakland, etc.

2.  The Nature and Circumstances of the Offense -  I was convicted only for One (1) Count of Conspiracy to Commit Honest Services Mail Fraud. I pleaded guilty and co-operated fully throughout the FBI investigation.

| DATE | 5/02/07 | | SIGNATURE OF REQUESTER |
|---|---|---|---|

**Part B– RESPONSE**

_____ DATE

_____ WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

_____ DATE

_____ RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

USP LVN

RIVERA, VERONICA - # 97659-011
FPC DUBLIN CAMP - BP 9
Page 2 - May 2, 2007

3.  The History and Characteristics of the Prisoner -  I came in the U.S. on Feb., 1984.
    I got employed as an Office Clerk promoted to Office Manager after 3 mos.. Due to my
    Educational Attainment, having a **Degree** in Business and Masters Degree in Marketing,
    I immediately assumed the Account Manager handling Sales and Billing Depts. I worked
    with this reputable Worldwide Investment House for 8 yrs.. With the experienced I
    garnered, I opened my Insurance Agency thereby became self-employed up to present.

    I was one of the Top Ten Female Ins. Producer nationawide and got interviewed on
    television on "How Asian Women Can Be Sucessful In Their Career Here in the U.S.".
    I used to be a Guest Speaker in Insurance Conventions in several States of America.

    Presently, I am a widow with 2 sons who graduated college last yr., 2006.  On my
    social and civic activities, I am a member of Lions Club Int'l.. Eversince I joined
    this prestigious organization, helping unfortunate citizens worldwide, I held different
    positions.  Before self-surrender, I was the 1st Vice President, unanimously voted to
    assume the Presidency supposedly this July, 2007 - 2008.

    I chaired Church Fund Raising activities and served as a volunteer to Seton Med. Center
    in Daly City since 2002.  Administering Holy Communion and consoling cancer and Senior
    patients,who feel depressed because of rare visits from family and friends were part of
    my services.  Simultaneously, I provide musical entertainment to convalescent homes.
    I also participated yearly in community projects such as Feeding Seniors in S.F. and
    I am a consistent donor on Police and Fire Dept. Fund Raising.

    My job is an Orderly in C-1,complying with the BOP Standard as far as efficiency,
    attitude and behavior.  I have not had any incident report nor received Disciplinary
    Action. Upon arriving in the Camp, I immediately completed the classes required for
    release.  I frequently attend Bible studies and other programs enhancing knowledge on
    various fields.

    My previous job was a Marketing Counselor, training sales force and designing Sales
    Promotions for an Int'l. Real Estate Co.. This is owned by a Filipino Billionaire
    and I was the Vice Pres. for 2 yrs,but because of my insurance momentum, I relinquished
    the position and optioned to be a Marketing Counselor.

    In conclusion, I have a good repuqation in my community,devoting time and aid for
    human benefits.  Upon release, I have outstanding lucrative job offers and definitely
    consider these opportunities to face a more structured livelihood.

4.  Any Statement By The Court That Imposed The Sentence - I've been submissive to my P.O.,
    Tim Elder.  Apparently, all my performance reports and letters from people recognizing
    my achievements were submitted to the D.A., Douglas Sprague before sentencing. My
    Pre-Sentencing Officer, Connie Cook thoroughly interviewed me, read my biography, thus,
    originally recommended NO DEPARTURE to the Court.  During trial, I was still allowed
    by my P.O., D.A. and Judge to visit my homeland, Phils. on Oct.. 2005.  This merely
    proved that the Court and officials assigned to my case believed in my integrity.

    B.  The D.A. recommended the minimum sentence below guidelines and the Juedge expunged
    all other charges and convicted me only to One Ct. Felony as mentioned. In finalizing
    my sentence, the Judge still asked me if I wanted to travel prior to self-surrender, but
    I refused because I wanted to serve my time ASAP. I was granted 90 Days preparation time
    prior to self-surrender unlike my co-defendant who was given only 30 days but to be
    spent in S.F. CCC before she self-surrender here in the Camp.

5.  Any Pertinent Policy Statement By The Sentencing Commission Pursuant to Sec. 994(a)(2)
    of Title 28:
    I am a law abiding citizen since I migrated in the U.S.A. and even during my life in
    my own country.  I had NO CONVICTIONS since birth and I sincerely apologize for my
    offense. I faithfully wish to restore my reputation both in my family and community.

# ADMINISTRATIVE REMEDY NO. 453322-F1 FCI DUBLIN

**RIVERA, Veronica**                                                  **Part B - Response**
**Reg. No. 97659-011**
**Unit C2**

This is in response to your Request for Administrative Remedy dated May 3, 2007, wherein you state and requested to be placed in a San Francisco Residential Re-entry Center for the next six (6) months and spend the remaining four (4) months in home confinement.

Our procedures indicate that the length of placement requested for a Residential Re-entry Center is limited to the last 10 percent of the inmate's term to be served or six months, whichever is less. A thorough review of your central file material indicates your pre-release date to be March 25, 2008.

Inmates placed in home confinement status will be referred by the Residential Re-entry Center/CCM. The Community Corrections Manager (CCM) shall ensure that each appropriate inmate is placed on home confinement as soon as otherwise eligible. If an inmate's plan is found to be satisfactory, the home confinement provider and the CCM shall establish the inmate's placement date to home confinement.

Based on the above investigation your Administrative Remedy Request is denied.

If you are not satisfied with this response, you may file an appeal to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7950 Dublin Boulevard, 3rd Floor, Dublin, California 94568, within twenty (20) calendar days from the date of this response.

_____                        _____6-4-07_____
Schelia A. Clark, Warden                                        Date

Jul 6/86
Rec. 6/86

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: | Veronica Rivera L. | 97659-011 | C-1 | FPC-Camp Dublin
--- | --- | --- | --- | ---
 | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL** - I would like to appeal the denial of my BP-9 regarding my petition to be assigned to a Home Confinement and be given the privelege to a Half-Way House (CCC) earlier than the 10% BOP rule. Statute 18 U.S.C. § 3601 permits BOP to designate inmates to a CCC at any point during an inmate's term of imprisonment. We can refer to cases of Flood v. Jeter, 386F.3d 841,846-47 (8th Cir. 2004), Goldings v. Winn, 383 F.3d 17-23-27(1st Cir. 2004, same) wherein the above statute was granted. Also, under BOP Policy as 18 U.S.C. § 3624(c) states that the Pre-Release Custody of the BOP shall to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in HOme Confinement. The United States Probation System shall, to the extent practicable, offer assistance to prisoner during such pre-relase custody. U.S.C.3624(c), BOP's Policy of limiting Pre-release to only 10% of an inmate's term vitiates the discretion given to BOP by statute to designate or transfer an inmate to a CCC at any time during the inmate's prison term in violation of fedeial law. Two significant reported district court cases have addressedthis identical issued and ordered BOP to excersicits discretion in the manner requested here. U.S. v.Paige, 369 F.Supp 2d 1257 (D. Mont.2005) Pimentel v. Gonzales, 367 F.Supp 2d 365(E.D.N.Y. 2005).

DATE 6/11/07                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

**RECEIVED**

JUN 21 2007

**REGIONAL DIRECTOR WRO**

_____ DATE                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                  CASE NUMBER: 453322-R1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____ DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

VERONICA RIVERA -97659-011
BP - 10, FPC DUBLIN
page -2-

Both cases have been granted relief by entering an order requiring bOP to exercise
its full authority and to consider designating the petitioners to a CCC without regard
to any policy BOP may have limiting such pre-release placement.  Paige, 369F. Supp
2d at 1263, Pimentel, 367 F. Supp. 24d at 376.  In addition, all four (4) circuits that
have addressed the validity of the BOP policy at issue here, 28 C.F.R. § 570.21 have
found it invalid.  Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir., 2007), Levine v.
Apker, 455 F.3d 71 (2nd Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir.
2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005).

I hereby ask for your consideration regarding my case, since this is my first offense,
and I was only charge One (1) Ct. of Conspiracy to commit Honest Services Mail Fraud.
You can also consider my performance with the previous Probation Officers that I had,
prior to Sentencing and even the FBI, the District Attorney and the Judge have all
given me credit on my character.

This appeal is not contradicting the denial but I would like to exercise my right like
other prisoners who have won the appeal from Court and the BOP had given them the
benefit of releasing them earlier to a CCC or Home Confinement.

Again, I would like to reiterate that I am appealing to be released to a Half Way House
or CCC six (6) months earlier to my release date and to spend the other two (2) months
on Home Confinement.  I believe I have followed the rules of the Camp religiously and
submissively.  With all these, I should be given the same privelege to benefit this
request.  As of this date, I am only eight (8) months away to my release date to CCC.
The most recent case approved identical to the above request was the case of Pankratz
V. Palmquist et al, Case No C06-1328-RSL which was granted by the Western District of
Washington at Seattle.

It would seem futile for me to make this Administrative Remedy since in spite of the
timely manner wherein I have submitted all the requirements, the BOP has not notified
me of any delay as to their denial and I have received the reply past the allowable
20 days time.  However, I am determined that BOP will at least review my case and be
given merit for an earlier designation as requested.

I strongly appeal that my request be granted because I truthfully feel that I am just
an added expense to the U.S. government where in fact, I do not wish to commit any
offense again and I have lucrative job offers that will permit me to settle my Restitution
and be able to satisfy the 25% gross income contribution to CCC.

I was never a menace to society, community nor sought any welfare help.  I filed my
taxes accordingly and I believe these should be considered to allow me to be put back
to the community with priority.

453322-R1                     Rivera, Veronica                 97659-011
SCP Dublin

This is in response to your Regional Administrative Remedy Appeal
of the Warden's decision dated June 4, 2007.  In your appeal you
are requesting additional time in a Residential Reentry Center
(RRC) in excess of the 10% date calculated.  Specifically, you
are requesting placement in an RRC eight months prior to your
projected release date of May 26, 2008.

Your appeal has been investigated.  A review of your case reveals
that you were sentenced to 24 months with a 36 month term of
Supervision to follow.  Your Unit Team has stated you will be
referred to an RRC on your Prerelease Preparation Date of
March 25, 2008.  Federal Regulation 28 CFR § 570.20 outlines the
Bureau's authority to designate inmates to community confinement.
If eligible, the Bureau may designate inmates to community
confinement during their last ten percent of the prison sentence
being served, not to exceed six months.  In addition, a review of
your request was conducted without consideration of any time
limitation, and the Unit Team determined that based on your
ability to secure employment and reestablish family and community
ties, a 60 day RRC placement was appropriate to assist with your
prerelease needs.

Based on the above, your request for Regional Administrative
Remedy is denied.  If dissatisfied with this response, you may
appeal to the Office of the General Counsel, Bureau of Prisons,
320 First Street, NW, Washington, DC 20534.  Your appeal must be
received in the General Counsel's Office within 30 calendar days
of the date of this response.


7-3-07
_____          _____
Date                     Robert E. McFadden, Regional Director

**U.S. Department of Justice**

Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: __VERONICA RIVERA__ __97659-011__ __C-1__ __FPC – DUBLIN__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** – This is in response to the denial on my BO-10 by the Regional Office in Dublin. Since the time that I started my Administrative Remedy, 3 months have passed and if the Region or the General Counsel will consider, my request of a 6 months placement to an RRC or CCC should commence on Nov. 26, 2007. In Muniz v. Sabol, No.06-2692, pro se litigants challenged the legality of the BOP's final rule regarding Community Coorections Center, placements. Muniz brief argues that the BOP failed to take into account facts and address the objections placed on record by the publin when the 2005 rule was open for public comment in 2004. The Supreme Court has ruled that under the Administrative Prodedure Act, which regulates how BOP create and modify rules, a final rule in invalid if it is arbitrary and capricious. The Massachusetts Federal Public Defenders and the Criminal Justice Act Board file briefs to this effect. The Court of Appeals of the 2nd, 3rd, 8th and 10th Circuits have all found in favor of prisoners challenging the new restrictions on halfway house placement.

I disagree on the decision of the Unit Team that based on my ability to secure employment and reestablish family and community ties, a 60 day RRC placement is appropriate. It is a true statem,ent that majority of companies are NOT hiring felon convicts. Aside from the fact that I am already a Senior Citizen (56 yrs. old) and though it is defined that there is no descrimination on age, it is indeed undeniably practised that Seniors have the last change to a job.

__August 1st, 2007__        _____
       DATE                    SIGNATURE OF REQUESTOR

**Part B—RESPONSE**

_____    GENERAL COUNSEL
       DATE

SECOND COPY: REGIONAL FILE COPY    CASE NUMBER: __453322-A1__

**Part C—RECEIPT**

                                   CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
       DATE         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP–231(13)
April 1982

BP - 11 - VERONICA RIVERA
Reg. No. 97659-011
FPC - CAMP PARKS DUBLIN
page - 2 -

Another big factor that employers will consider in hiring is my Medical condition.
I am a Diabetic patient aside from my Hypertension problem.  This causes the medical
insurance of a company to increase their premiums.  I myself was an Office Manager
before and we were always staying away from people who will cause a rise in the
health insurance pool.  Therefore, it will be on a very selective companies and
business that I can indulge and employed with.  I believe, this will take sometime
and even my community will not be able to help me.  As of this time, I could already
feel the descrimination of my neighbors as reported by my children.  Again, it is
a threat to community that a felon is living in the vicinity.

I would like to reiterate that this response is almost at the end of the 30 days
given to reply from the date of the BP-10 denial.  Please refer to the stamped received
date on the BP-10 which was June 21 and yet the response was signed on July 03, 2007.
However, I have attached a copy of the envelope which the response was mailed and the
mailing date was July 17, 2007.  For whatever reason, the letter was distributed and
I received it from the Camp OIC on July 31, 2007, 14 days after mailing when in fact
the Regional Office is just within the community.  I wonder why our mail has to have
2 weeks delay before an inmate receives the reply unlike other mails that we receive
normally within 5 -6 days from the date the letters were mailed.

May I reiterate that I wish to get approved for an earlier placement to RRC/CCC.

Thank you.

**Administrative Remedy No. 453322-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you request six months placement in a Residential Reentry Center (RRC) or on November 26, 2007.

The issue of RRC recommendation is within the authority of the Warden as set forth in Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedure</u>. Recommending CCC placement and the length involves the review of several factors, including an inmate's current offense, institutional adjustment, individual needs, public safety, and existing community resources. Ordinarily, inmates with shorter sentences do not require maximum RRC placement due to reduced transition needs.

Records indicate you are currently designated to FCI Dublin serving a 24-month sentence for Conspiracy to Commit Honest Services Mail Fraud. Your projected release date is May 26, 2008, via Good Conduct Time release and your pre-release preparation date is March 25, 2008. All available information in your case was reviewed and records indicate that you have been approved for RRC placement on March 25, 2008. We concur with this decision, find it appropriate, and in compliance with policy.

Based on the foregoing, your appeal is denied.

October 10, 2007
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals