

FILED
DEC - 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA RIVERA,<br><br>   Petitioner,<br><br>vs.<br><br>SCHELIA A. CLARK, Warden,<br><br>   Respondent. | No. C 07-02420 CW<br><br>REPLY/TRAVERSE TO PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

## INTRODUCTION

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging a Bureau of Prison ["BOP"] regulation, 28 C.F.R. § 570.21(a), which limits the amount of time a BOP inmate can be considered for placement in community confinement to the last 10% of her sentence, not to exceed six months. After the Court issued an order to show cause, respondent filed a timely Answer and Opposition to the petition ["Answer"]. Respondent agrees that petitioner has exhausted her administrative remedies. Answer at 3-4.

Respondent's arguments in defense of its regulation have been rejected by every circuit to

RIVERA REPLY/TRAVERSE           1

address them and numerous district courts.[1] *See, e.g., Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). Respondent also suggests that the petition is moot, claiming that the BOP has considered petitioner for community-confinement placement without regard for the regulation she is challenging. Answer at 9-10. For the reasons discussed below, the Court should grant the petition, invalidate the regulation and order the BOP to consider her for placement in community confinement without regard to the regulation.

## ARGUMENT

**A.  Petitioner Would Be Eligible For Consideration For Community-Confinement Placement If The Regulation She Is Challenging Were Found Invalid**

Respondent argues that petitioner is not yet eligible for community confinement under its regulation because she has not yet reached the last 10% of her sentence. Answer at 5. But the regulation the BOP is relying on to find that she is not eligible is the regulation that petitioner's habeas petition is challenging. If this Court were to agree with petitioner (and the four federal appellate courts that have considered the issue) and find the regulation invalid, then petitioner would now be entitled to be considered for community-confinement placement. The issue is ripe, and her petition should be decided promptly so that she will not lose the benefit of timely consideration for community-confinement placement. *See Bell v. Wiley*, 481 F. Supp. 2d 1168, 1171-72 (D. Colo. 2007) (rejecting BOP's argument that petitioner's claim is not ripe; if BOP had not already applied regulation to petitioner, its application is sufficiently imminent).

**B.  The BOP's Regulation Is Not A Valid Exercise Of Its Rule-Making Authority, And Thus Is Not Entitled To *Chevron* Deference, Because It Conflicts With The Statute**

Respondent's primary argument in defense of its regulation is that this Court should defer to its regulation because it properly interprets 18 U.S.C. §§ 3621(b) and 3624(c). Answer at 5-8. The four

---

[1]  As respondent notes, Answer at 9 n.7, the Ninth Circuit has not yet decided this issue but has a case pending before it that raises the issue. *Rodriguez v. Smith*, No. 07-16014.

RIVERA REPLY/TRAVERSE                    2

1 | federal courts of appeal that have addressed this argument all have rejected it. *Wedelstedt*, 477 F.3d
2 | at 1167; *Levine*, 455 F.3d at 87; *Fults*, 442 F.3d at 1092; *Woodall*, 432 F.3d at 244. Considering
3 | all the arguments respondent makes here, these courts have held that the BOP regulation is an invalid
4 | exercise of the BOP's rule-making authority.[2] The regulation fatally conflicts with 18 U.S.C. §
5 | 3621(b), these courts have held, because its categorical preclusion of community-confinement
6 | placement before the last 10% of an inmate's sentence prevents the BOP from following the statutory
7 | requirement to consider five specific factors when deciding where to place an inmate.

8 | The Tenth Circuit explained the decisions of the three appellate courts that preceded it before
9 | deciding to agree with their "well-reasoned and thoughtful opinions":

> Each court interpreted § 3621(b) to clearly and unambiguously require the BOP to consider the five factors set out in § 3621(b)(1)-(5) when making placement and transfer decisions, and interpreted the CCC placement restrictions in § 570.21 as preventing the BOP from fully considering each of these factors. . . . Under *Chevron, U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842, 104 S. Ct. 2778, 81 L. Ed.2d 694 (1984), these courts ruled the regulations were invalid. Because each court determined § 3621(b) includes a clear assertion of congressional intent, each rejected the BOP's argument that, under *Lopez [v. Davis*, 531 U.S. [230] at 242, 121 S. CT. 714 [2001], the promulgation of §§ 570.20 and 570.21 was a permissible exercise of the BOP's categorical rulemaking authority.
>
> . . .
>
> This court joins the Second, Third, and Eighth Circuits in concluding 28 C.F.R. §§ 570.20 and 570.21 impermissibly conflict with the clear and unambiguous congressional intent articulated in 18 U.S.C. § 3621(b) and are, therefore, invalid. *Levine*, 455 F.3d at 87; *Fults*, 442 F.3d at 1092; *Woodall*, 432 F.3d at 237.

*Wedelstedt*, 477 F.3d at 1164-65.

For the reasons discussed in the four published court of appeals decisions, this Court should

---

[2] Respondent contends that the decisions from the four circuits that have held the regulation invalid "address the wrong issue since they focus on § 3621 and ignore § 3624." Answer at 8 n.6. In fact, at least two of the circuit decisions discussed – and rejected – the BOP's argument about § 3624. *Wedelstedt*, 477 F.3d at 1166-67; *Woodall*, 432 F.3d at 250-51.

RIVERA REPLY/TRAVERSE                3

1 hold that the BOP's regulation conflicts with 18 U.S.C. § 3621(b) because it categorically precludes
2 the BOP from applying the statutory factors in making placement decisions. The regulation is an
3 impermissible exercise of the BOP's rule-making authority and not entitled to deference under
4 *Chevron* or *Lopez*. The Court should find the regulation invalid.

5 C.   The Ninth Circuit's Decision In *Sullivan* Does Not Require A Different Result

6       The BOP argues that the Ninth Circuit's recent decision in *United States v. Sullivan*, 504
7 F.3d 969, 2007 WL 2811079 (9th Cir. Sept. 28, 2007), suggests that it would disagree with the
8 decisions of the four other circuits about the validity of the regulation at issue here. Answer at 8-9.
9 Specifically, it suggests that because the court in *Sullivan* held that community confinement is not
10 "imprisonment," § 3621, which refers to "'the place of the prisoner's *imprisonment*,'" does not apply.
11 Answer at 9 (quoting 18 U.S.C. § 3621, emphasis added by BOP). Petitioner disagrees.

12       In *Sullivan*, the Ninth Circuit considered whether the petitioner's state confinement in a
13 community pre-release center counted as "imprisonment" in determining the running of his term of
14 supervised release under 18 U.S.C. § 3624(e). 504 F.3d at ___, 2007 WL 2811079 at *1. The
15 court held that time spent in a community pre-release center, like time spent in other community-based
16 programs "*where the defendant is not subject to the control of the Bureau of Prisons*," is not
17 imprisonment for this purpose. *Id.* at 2 (emphasis added). The element of BOP control was the key
18 factor in the decision in *Sullivan*, and it is this factor that clearly distinguishes *Sullivan* from this case.
19 *Id.*; *see also Reno v. Koray*, 515 U.S. 50, 58 (1995) (holding that confinement in correctional facility
20 qualifies as "official detention" if BOP has authority to transfer inmate under 18 U.S.C. § 3621);
21 *Tanner v. Sivley*, 76 F.3d 302, 303-04 (finding time in community treatment center as condition of
22 probation was not official detention because defendant was not in BOP's control).

23       As the BOP acknowledges, it has the authority to control inmates placed in community-
24 confinement centers for purpose of "pre-release preparation." *See* Declaration of Kim Beakey

25
26

RIVERA REPLY/TRAVERSE                 4

Case 4:07-cv-02420-CW    Document 16    Filed 12/07/2007    Page 5 of 6

["Beakey Decl."] ¶ 4.[3]

> Moving an inmate to a RRC is no different than transferring an inmate from one BOP location to another. The BOP exercises its judgment to place inmates accordingly during the service of their sentence, and such placements may include transfers to a RRC. Such transfers to a RRC are controlled by various BOP policies and federal regulations . . . . BOP decisions about an inmate's RRC placement have no affect [sic] on the length of their sentence.

*Id.* ¶ 6. The community placement at issue here, unlike those in *Sullivan*, *Koray*, and *Sivley*, is part of the petitioner's sentence of imprisonment imposed by the district court and served under the control of the BOP. *Sullivan* has no bearing on this case.

D.   This Case Is Not Moot Because the BOP Relied On, And Continues To Rely On, The Challenged Regulation

Respondent argues, finally, that "it appears that this case is moot" because, "[b]ased on the Regional Director's response to Petitioner's appeal, . . . the BOP has considered her for RRC placement without consideration of any time limitation." Answer at 9; *see also* Answer at 10 ("this matter is *arguably* moot . . . ."). Respondent has not moved to dismiss the petition on the grounds of mootness. Moreover, its suggestion that the case is moot is belied by the record.

The BOP has relied on the challenged regulation – and continues to rely on the challenged regulation – to deny petitioner consideration for earlier halfway-house placement. The BOP's September 2007 Program Review Report reflects a recommendation that petitioner be transferred to a halfway house ("CCC") on March 25, 2008, "the same as her 10% date." Answer at 3; *see* Exhibit 3 to Beakey Decl. (reflecting, without explanation, 10% date as date of CCC recommendation). The warden's response to petitioner's administrative appeal states that "the length of placement requested for a Residential Re-entry Center is limited to the last 10 percent of the inmate's term to be served or six months, whichever is less." Page 7 of Exhibit 1 to Declaration of Cecilia Burks ["Burks Decl."]. In its Answer, the BOP flatly states that, based on the regulation, petitioner is "ineligible for RRC

---

[3]   The declarations of Kim Beakey and Cecilia Burks cited herein were filed with the Court in this case by the BOP on November 27, 2007.

RIVERA REPLY/TRAVERSE                     5

1 placement until she is within the last 10% of her sentence, which would not be until March 25, 2008. . . As a result, Petitioner is currently not yet eligible for community confinement." Answer at 5.

The BOP relies on the Regional Director's response to petitioner's administrative appeal in support of its half-hearted mootness argument. Answer 9. This response first cites the challenged regulation, which "outlines the Bureau's authority to designate inmates to community confinement." Page 10 of Exhibit 1 to Burks Decl. It then states, "In addition, a review of your request was conducted without consideration of any time limitation, and the Unit Team determined that based on your ability to secure employment and reestablish family and community ties, a 60 day RRC placement was appropriate to assist with your prerelease needs." *Id.* But the only Unit Team assessment in the record recommended halfway-house placement on petitioner's 10% date without any discussion of possible employment or family and community ties. *See* Exhibit 3 to Beakey Decl.

The BOP's mootness argument, premised on this scant reference in a second-level administrative appeal, thus is unsupported by the record before this Court. It also is undermined by the BOP's otherwise vigorous defense, in this case and others, of the challenged regulation. The evidence shows that the BOP has applied, and continues to apply, the challenged regulation to deny petitioner earlier consideration for halfway-house placement. Her petition is not moot.

## CONCLUSION

For these reasons, petitioner respectfully asks the Court to grant her habeas petition and order the BOP to consider her promptly, and in good faith, for community-confinement placement without regard to the regulation.

Dated: Dec. 05, 2007

Respectfully submitted,

_____
Petitioner*

*This brief was prepared with the assistance of Robin Packel, Research and Writing Specialist, Federal Public Defender, 555 12th Street, Suite 650, Oakland, CA 94607, (510) 637-3500.