1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   VERONICA RIVERA,                          No. C 07-2420 CW

10          Petitioner,

                                             ORDER GRANTING
11      v.                                   PETITION FOR WRIT
                                             OF HABEAS CORPUS
12   SCHELIA A. CLARK, Warden,

13          Respondent.
    _____/

14

15

16      Petitioner Veronica Rivera brings this action seeking a writ

17   of habeas corpus under 28 U.S.C. § 2241.  Respondent Schelia A.

18   Clark opposes the petition.  The matter was taken under submission

19   on the papers.  Having considered all of the papers submitted by

20   the parties, the Court grants the petition.

21                            BACKGROUND

22      Petitioner is currently serving a term of twenty-four months

23   of imprisonment on a conviction for conspiracy to commit honest

24   services mail fraud.  She is incarcerated at the Federal Prison

25   Camp in Dublin, California, where Respondent is warden.  She filed

26   this petition challenging a federal Bureau of Prisons (BOP)

27   regulation, 28 C.F.R. § 570.21, that denies inmates placement in a

28

United States District Court
For the Northern District of California

residential reentry center (RRC)[1] until the last ten percent or six months of their sentence, whichever is shorter.  Petitioner claims that this policy is contrary to 18 U.S.C. § 3621(b), which governs the placement of inmates in BOP custody.

Pursuant to the challenged regulation, Petitioner has been scheduled for transfer to an RRC on March 25, 2008, the beginning of the last ten percent of her sentence.  Petitioner challenged the BOP's placement decision by filing a request for an administrative remedy.  In this request, she argued that a consideration of the factors set forth in § 3621(b) militates in favor of her transfer to an RRC at the earliest possible date.  Respondent denied Petitioner's request, stating, "Our procedures indicate that the length of placement requested for a Residential Re-entry Center is limited to the last 10 percent of the inmate's term to be served or six months, whichever is less."  Burke Decl. Ex. 1.

Petitioner appealed Respondent's decision to the BOP Regional Office.  The Regional Director denied the appeal, stating:

> Federal Regulation 28 CFR § 570.20 outlines the Bureau's authority to designate inmates to community confinement. If eligible, the Bureau may designate inmates to community confinement during their last ten percent of the prison sentence being served, not to exceed six months.  In addition, a review of your request was conducted without consideration of any time limitation, and the Unit Team determined that based on your ability to secure employment and reestablish family and community ties, a 60 day RRC placement was appropriate to assist with your prerelease needs.

Id.

Petitioner appealed this intermediate-level decision to the

_____

[1]RRCs are commonly known as halfway houses.  The term, "community corrections center" (CCC) is also used by other courts to refer to the same type of institutional setting.

2

1    BOP's Central Office.  The Central Office denied the appeal,

2    stating:

3        Recommending [RRC] placement and the length involves the
         review of several factors, including an inmate's current
4        offense, institutional adjustment, individual needs,
         public safety, and existing community resources.
5        Ordinarily, inmates with shorter sentences do not require
         maximum RRC placement due to reduced transition needs.
6        . . . All available information in your case was reviewed
         and records indicate that you have been approved for RRC
7        placement on March 25, 2008.  We concur with this
         decision, find it appropriate, and in compliance with
8        policy.

9    Id.

10       Petitioner now challenges the BOP's decision, seeking an order

11   requiring Respondent to consider her appropriateness for transfer

12   to an RRC in light of the factors set forth in 18 U.S.C. § 3621(b),

13   notwithstanding the time limits imposed by 28 C.F.R. § 570.21.

14                       STANDARD OF REVIEW

15       Under Chevron U.S.A., Inc. v. Natural Resources Defense

16   Council, Inc., 467 U.S. 837 (1984), a two-pronged framework exists

17   for judicial review of an administrative agency's interpretation of

18   the statutes and regulations that it administers:

19       If congressional intent is clear, both the court and the
         agency must give effect to the unambiguously expressed
20       intent of Congress.  If, however, Congress has not
         directly addressed the exact issue in question, a
21       reviewing court must defer to the agency's construction
         of the statute so long as it is reasonable.  In other
22       words, unless an agency's statutory interpretation is
         arbitrary, capricious, or manifestly contrary to the
23       statute, the agency is accorded Chevron deference, and
         the court must adopt the agency's view.
24
     Garcia-Quintero v. Gonzales, 455 F.3d 1006, 1011-1012 (9th Cir.
25
     2006) (internal quotation marks and citations omitted).
26
                             DISCUSSION
27
         Title 18 U.S.C. § 3621(b) provides in relevant part:
28

                                  3

1

The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering--

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

. . . The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

Section 3624(c), in turn, provides:

The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3624(c).

Prior to December, 2002, the BOP had a longstanding policy of allowing inmates to spend the last six months of their incarceration in an RRC, regardless of the portion of their sentence this six-month period constituted.  Elwood v. Jeter, 386 F.3d 842, 844 (8th Cir. 2004).  In December, 2002, however, the

4

Department of Justice Office of Legal Counsel issued a memo opining that § 3624(c) limits the BOP's authority to place an inmate in an RRC. The memo concluded that an inmate's residence in an RRC may not exceed the lesser of ten percent of the total sentence or six months. Id. at 844-45; Goldings v. Winn, 383 F.3d 17, 19-20 (1st Cir. 2004). The BOP adopted this interpretation of its statutory authority and changed its policy accordingly. Goldings, 383 F.3d at 20.

The new BOP policy was challenged in court, where it was invalidated by the First and Eighth Circuits. These courts held that § 3621(b) granted the BOP the discretion to transfer an inmate to an RRC at any time during the inmate's sentence, even prior to the last six months or ten percent of the sentence. Goldings, 383 F.3d at 28-29; Jeter, 386 F.3d at 847.

In response to these court decisions, in 2005, the BOP promulgated regulations interpreting the above statutes. In doing so, the BOP stated that it was in engaging in what it characterized as a "categorical exercise of [the] discretion" given to it by § 3621(b). 28 C.F.R. § 570.20(a). It relied on this discretion to impose an across-the-board limit on the time inmates may spend in an RRC:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. 4046(c)).

United States District Court
For the Northern District of California

28 C.F.R. § 570.21.

Petitioner claims that this regulation is contrary to § 3621(b) because it does not provide for an individualized evaluation of each inmate's suitability for placement in an RRC prior to the last ten percent or six months of his or her sentence. Petitioner maintains that, rather than limiting the BOP's discretion to place inmates in an RRC prior to the last ten percent of their sentence, § 3624(c) imposes minimum requirements on the BOP with respect to RRC placements. Respondent counters that the BOP regulation is a valid interpretation of § 3624(c) considered in conjunction with § 3621(b), and thus should be accorded <u>Chevron</u> deference.

The Ninth Circuit has not yet addressed the validity of 28 C.F.R. § 570.21. However, all four of the courts of appeals that have addressed the issue have held that the regulation is contrary to the plain meaning of the statutes. <u>Wedelstedt v. Wiley</u>, 477 F.3d 1160 (10th Cir. 2007); <u>Levine v. Apker</u>, 455 F.3d 71 (2d Cir. 2006); <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006); <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005). The Court agrees with these decisions and adopts their reasoning.

Section 3621(b) gives the BOP wide discretion to assign an inmate to any "appropriate and suitable" facility, but directs the agency to consider five enumerated factors when making its determination. Because several of these factors refer to information that is particular to each inmate, the statute clearly contemplates individualized placement determinations. The statute permits the BOP to transfer an inmate to any facility, including an

United States District Court
For the Northern District of California

1  RRC or similar facility, "at any time," provided that the five

2  factors support such a placement.[2]

3       Section 3624(c) places an additional duty on the BOP with

4  respect to inmate placements.  It requires the agency to assure

5  that, to the extent practicable, a reasonable portion of the last

6  ten percent of an inmate's sentence is spent in a setting such as

7  an RRC.  The qualifier, "not to exceed six months" is set off by

8  commas and modifies only the phrase, "a reasonable portion."  Thus,

9  the BOP is not required by § 3624(c) to designate a period of RRC

10 placement exceeding six months, even if the last ten percent of an

11 inmate's sentence is greater than six months.  Put another way, the

12 statute defines six months as the upper boundary of the "reasonable

13 portion" requirement.  Accord Elwood, 386 F.3d at 847 ("[Under

14 § 3624(c),] the BOP is required to place prisoners in conditions

15 that will afford them a reasonable opportunity to adjust to and

16 prepare for the prisoner's re-entry into the community during a

17 reasonable part of the last ten percent of the prisoner's term, to

18 the extent practicable.  This duty shall not extend beyond the last

19 six months of the prisoner's sentence.") (internal quotation marks

20 and brackets omitted).

21      Fundamentally, § 3624(c) imposes a requirement on the BOP

22 independently of § 3621(b).  Nothing in § 3624(c) can be

23 interpreted as limiting the BOP's discretion under § 3621(b) to

24 place inmates in an RRC prior to the last ten percent of their

25 sentence.  Accord Wedelstedt, 447 F.3d at 1166 ("Although § 3624(c)

26

27      [2]See Levine, 455 F.3d at 80-82, and Woodall, 432 F.3d at 245-

28 46, for a more thorough analysis of the text of § 3621(b).

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

surely imposes an affirmative obligation on the BOP, whenever
practicable, to place an inmate in a CCC or other form of community
confinement as the inmate's release date nears, § 3624(c) has no
bearing on whether a CCC may be considered as a place of
imprisonment at some earlier point in a prisoner's period of
incarceration."); Woodall, 432 F.3d at 250 ("[Section] 3624 does
not determine when the BOP should consider CCC placement, but when
it must provide it."); Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir.
2004) ("Under § 3621(b), the BOP may place a prisoner in a CCC for
six months, or more.  Under § 3624(c) the BOP must formulate a plan
of pre-release conditions.  This plan may include CCC placement,
home confinement, drug or alcohol treatment, or any other plan that
meets the obligation of a plan that addresses the prisoner's
re-entry into the community.") (emphasis added).  Thus, § 3624(c)
establishes a "floor," not a "ceiling."  Respondent is simply
incorrect in asserting that § 3624(c) "specifically states that a
prisoner should not spend more than the lesser of 10% of his
sentence or six months in a facility where he can re-enter the
community."  Resp.'s Br. at 7.  This interpretation finds no
support in the statute's text, and therefore is not entitled to
Chevron deference.

Respondent argues that, even if § 3621(b) gives the BOP the
discretion to transfer inmates to an RRC prior to the last ten
percent of their sentence, the agency may categorically exercise
this discretion, considering RRC placement to be appropriate only
during the last ten percent of an inmate's sentence.  In passing 28
C.F.R. §§ 570.20 and 570.21, Respondent argues, the BOP validly

8

United States District Court
For the Northern District of California

exercised this discretion.  However, such an approach to inmate placement is contrary to the clear language of § 3621(b), which requires the BOP to conduct an individualized placement assessment for each inmate.  In making this assessment, the agency must consider specific enumerated factors, some of which are unique to individual inmates.  The BOP is entitled to conclude that, considering these factors and the needs of a particular inmate, RRC placement would not be appropriate until that inmate has served a certain portion of his or her sentence.  However, it is contrary to the directive of § 3621(b) for the BOP to make this decision categorically, without regard to the circumstances of individual inmates.

While the BOP may be able to make categorical rules to fill gaps in the statutes it administers, it may not make such rules when doing so would be inconsistent with congressional instructions.  See Lopez v. Davis, 531 U.S. 230, 243-44 (2001).  In other words, the BOP "may not promulgate categorical rules that do not take account of the categories that are made significant by Congress."  Levine, 455 F.3d at 85.  Here, the BOP regulation pays no regard to the factors set out in § 3621(b).  Instead, it withdraws eligibility for RRC placement from inmates who have not yet begun the last ten percent of their sentence, regardless of whether the factors in § 3621(b) would support such a placement at an earlier time.  Accordingly, the regulation is not a valid exercise of the agency's discretion.

Respondent also argues that an RRC is not a "place of imprisonment," and thus is excluded from the scope of § 3621(b).

**United States District Court**
For the Northern District of California

She bases this argument on <u>United States v. Sullivan</u>, 504 F.3d 969 (9th Cir. 2007).  In that case, the defendant had been sentenced in 1998 by a federal court to a term of eighteen months in prison followed by three years of supervised release.  The defendant served this sentence concurrently with a separate sentence issued by a Montana state court.  In 2001, the defendant was transferred from a Montana state prison into a Montana state pre-release center.  While the <u>Sullivan</u> decision is not clear on this point, the defendant presumably had completed his federal term of imprisonment by the time he was transferred.

The Ninth Circuit found that, for the purposes of crediting time served toward the defendant's sentence of federal supervised release, he began serving this sentence when he was transferred to the Montana pre-release center.  The court held that the defendant's time in the pre-release center did not qualify as "imprisonment" under 18 U.S.C. § 3624(e), which relates to supervised release and provides, "The term of supervised release commences on the day the person is released from imprisonment." <u>Id.</u> at 972.

<u>Sullivan</u>'s holding is limited to the set of facts at issue there.  Whatever the meaning of the term, "imprisonment" in § 3624(e), § 3624(c) clearly contemplates that when an inmate is transferred from a federal prison to a federal RRC, he or she remains "imprisoned" in all respects relevant here -- the statute provides that an inmate should spend a reasonable portion of the last ten percent of his or her "term of imprisonment" in a setting such as an RRC.  If a particular inmate was sentenced to a term of

United States District Court
For the Northern District of California

supervised release in addition to a term of imprisonment, the term
of supervised release would commence after he or she was released
from the RRC.  If Sullivan were to compel the conclusion that such
an inmate began his or her term of supervised release upon transfer
to the RRC, the inmate would never complete his or her term of
imprisonment.

Moreover, Sullivan focused on the fact that, while at the
Montana pre-release center, the defendant was not "not subject to
the control of the Bureau of Prisons." Id. at 971.  Here, in
contrast, the BOP would maintain control over Petitioner even after
she was transferred to an RRC; the agency could exercise its
discretion to transfer her back to a traditional prison setting at
any time, assuming it considered the factors in § 3621(b) prior to
making such a transfer.  Underlining this point, Kim Beakey, a BOP
official, has submitted a declaration that states, "Moving an
inmate to a RRC is no different than transferring an inmate from
one BOP location to another." Beakey Dec. ¶ 6.  This is contrary
to Respondent's argument that transfers to an RRC are not
encompassed by § 3621(b).

Finally, Respondent argues that the petition is moot because
the BOP Regional Director reviewed Petitioner's request for RRC
placement "without consideration of any time limitation."
Nonetheless, it is clear that the initial decision to limit
Petitioner's placement in an RRC to sixty days was based on the
restrictions imposed by the challenged regulation.  In affirming
this decision, the Regional Director expressed his view that the
length of Petitioner's RRC term was limited by the regulation.  In

**United States District Court**
For the Northern District of California

1 addition, contrary to the Regional Director's assertion, there is

2 no evidence that Petitioner's unit team, which issued the original

3 RRC recommendation, considered Petitioner's "ability to secure

4 employment and reestablish family and community ties" when making

5 its decision.  See Beakey Decl. Ex. 3.  Nor does the administrative

6 review of Petitioner's placement decision contain any substantive

7 discussion of the factors specified in § 3621(b).  Accordingly, the

8 Court cannot conclude that the BOP's placement decision would

9 remain undisturbed if the agency did not consider itself bound by

10 the ten-percent limitation, and the petition thus is not moot.

11                           CONCLUSION

12      For the foregoing reasons, the Court GRANTS Petitioner's

13 petition for a writ of habeas corpus.  Respondent shall consider

14 the appropriateness of placing Petitioner in an RRC during any

15 portion of the remainder of her sentence, without regard for the

16 ten-percent time limit imposed by 18 C.F.R. § 570.21.  When making

17 her decision, Respondent shall take into account Petitioner's

18 particularized pre-release needs and the factors set forth in

19 § 3621(b).  The decision shall issue within fourteen days of this

20 order.  The clerk shall enter judgment and close the file.  Each

21 party shall bear her own costs.

22      IT IS SO ORDERED.

23

24 Dated: 2/5/08

                              _____
25                            CLAUDIA WILKEN
                              United States District Judge

26

27

28

                                12

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RIVERA et al,

          Plaintiff,

  v.

CLARK et al,

          Defendant.
_____/

Case Number: CV07-02420 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dennis Matthew Wong
U.S. Attorney's Office
450 Golden Gate Avenue
San Francisco,  CA 94102

Veronica  Rivera 97659-011
Federal Prison Camp, Dublin
5675 8th Street
Camp Parks
Dublin,  CA 94568

Dated: February 5, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California

13