February 22, 2008



Hon. Judge Claudia Wilken
U.S. Federal District Court
1301 Clay St., 400 S. Tower
Oakland, CA 94612-5212

                Re:   Rivera v. Clark   CV 07-02420 CW

Dear Hon. Judge Wilken:

I wholeheartedly salute you for granting my Habeas Corpus Petition last Feb. 05, 2008. My sons join me in expressing our profound gratitude for your favorable judgement.

I am 31 days away from my projected release date of March 25, and I truly understand that the Court has allowed 14 days for BOP to implement the judgement. On Feb. 19th, I went to see my Case Manager, Ms. Rodriguez, to inquire on the possibility of an early release. I am cognizant that BOP should still consider the particular facts as required by the statute based on the five (5) criteria. In my Administrative Remedy, all of these five criteria were appropriately answered but denied by BOP.

However, because of the judgement, Ms. Rodriguez verbally informed me that she re-assesed me and found NOT ELIGIBLE for an earlier released because of the following reasons:

1. I am well educated and will not have difficulty in looking for a job.

    My education and work experience maybe sufficient but because of the present "Recession", RETRENCHMENT is going on. In my Administrative Remedy, I declared that it would be easy for me to land a job, not expecting that the economy will change. I also have to change career since my Insurance License will no longer be issued due to my charge.

2. I still have family and community ties.

    I do not forsee that I can re-establish my family ties although my 2 sons have helped me while I am in departure, my relatives have ostracized me, never visited me (this can be verified from my visiting list) to the extent of notifying me to change my last name immediately as soon as I am lawfully allowed. From the last visit of my sons, they informed me that they want to live their lives when I am released. It is true that they may not leave me immediately, but since I am a widow, I have to struggle harder to make a living.

    In my community, prior to my self-surrender, when my sentence was published in the newspaper, they circulated an internet report in my neighborhood to make sure that everyone is aware of my conviction.

page - 2 -
letter to C. Wilken
02/22/08

       I am not sure how to handle this matter or if they can even petition to overthrow me in the vicinity. In whatever manner, I have FEAR of being rejected and outcasted since just lately, there was a printout taped in my door about my approaching release. My sons conclude that the neighborhood is being warned by my homecoming.

       I honestly do not think I will have an easy way of winning their confidence soon.

3. I have a house to live in as soon as I am released from the CCC.

       I mentioned to Ms. Rodriguez, I am two (2) months behind in payment as of Jan. 31, 2008 and this month of February is my 3rd month which qualified my house for foreclosure. I said to her that even though it is only 34 days away from my projected release date, this time is important since I may be able to remedy the situation and find at least a job to lessen my monetarial need before the finalization of foreclosure proceedings.

       I also never thought that owning a house will preclude an inmate from getting an early release when in fact the Habeas also allows an inmate to be on "Home Confinement".

All of these criteria have been discussed and included in the reply of Mr. Dennis Wong to the Court, and I believed these were all taken into consideration by Hon. Judge Wilken when the verdict was given.

It was also mentioned that the Probation Officer finds my place convenient and secured, but is this not a better criterion to strongly allow a Felon for early release since it eliminates the doubt of relocating or moving away without proper authorization?

I apologize to disagree that an inmate who has a record of having a good moral character, contributed services on civic, religious and humanitarian projects, educated and followed every rules and regulation in the Camp still faces the declineation of an early release. In addition, the chance of becoming a repeat offender is very unlikely compared to drug addicts who are given a year to 18 months off from their sentence because of the "Drug Program" where the records of these offenders are less credible.

It is not my intention to disrupt justice neither to fight the BOP nor the U.S. Dept. of Justice, but I cannot apprehend the rationality behind the denial of a good judgement.

Thank you for extending your consideration.

Sincerely,

*[signature]*

Veronica Rivera
Reg. NO. 97659-011